UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DILLARD,

          Plaintiff,

v.

J. OOSTERHOF, et al.,

          Defendants.
                                   /

Case No. 2:19-cv-10089

HONORABLE STEPHEN J. MURPHY, III

## **OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

On January 10, 2019, Plaintiff Andre Dillard, who is presently confined at the Michigan Reformatory in Ionia, Michigan, filed a pro se civil rights complaint. ECF 1. Plaintiff proceeds in forma pauperis. ECF 2, 3. The case was transferred to this district on January 10, 2019. ECF 4. For the reasons stated below, the Court will partially dismiss the complaint with respect to Defendants Delosh, Froster, and John Doe under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for Plaintiff's failure to state a claim against those Defendants.

## **BACKGROUND**

Plaintiff is an inmate with the Michigan Department of Corrections. The complaint concerns events allegedly occurring at the Thumb Correctional Facility in Lapeer, Michigan. ECF 1, PgID 1. Plaintiff asserts that in October 2017 he was ordered to move to a cell also housing prisoner Rymes. *Id.* at 5. Plaintiff asserts that as soon as he entered the cell Rymes told him that he did not like him and that "it wouldn't be a good deal" for him to move in. *Id.* Both Plaintiff and Rymes went to

1

Defendant Delosh to inform her about the hostile environment. *Id.* Delosh told them that she was not in charge of cell assignments and they should take the matter to the ARUS (Assistant Residential Unit Supervisor). *Id.*

Plaintiff asserts that, on October 7, 2017, he went to see Defendant ARUS Oosterhof "to make him aware of the life threatening situation." *Id.* at 6. Oosterhof allegedly replied there "ain't no rooms open at this time. So, you guys have to deal with each other until one becomes available." *Id.* at 7. Plaintiff alleges that during the evening, Rymes threatened him, and the next morning he told Plaintiff to place himself in administrative segregation or he would "put hands and feet on him." *Id.*

Plaintiff claims that he returned to Oosterhof to tell him about the threats, but Oosterhof ordered him to leave his office "with the frivolous bullshit." *Id.* Plaintiff asserts he made further unsuccessful attempts to be transferred to another unit from October 9 through October 12. *Id.*

Plaintiff alleges that on October 12, 2017, he was attacked by Rymes. Rymes "hit him in the head several times then slammed him to the floor where he began to stump [sic] him out. Plaintiff begun [sic] to scream for help. But, no one came." *Id.*

Plaintiff asserts that Defendant Froster came to the cell where "he stood outside Plaintiff's cell door and watched the beaten [sic] unto [sic] back-up came." *Id.* Froster later wrote Plaintiff a ticket for fighting, but it was dismissed after Rymes admitted that Plaintiff never swung back at him. *Id.* at 7–8.

Plaintiff was thereafter transferred to the Michigan Reformatory where he filed a grievance. *Id.* at 8.

2

## STANDARD OF REVIEW

Pursuant to the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), the Court must sua sponte dismiss a prisoner's complaint with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c)(1); *see also* 28 U.S.C. § 1915(e)(2)(B) (imposing same requirements for complaints filed in in forma pauperis).

A plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). The Rule 8 pleading standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted).

The court must liberally construe complaints filed by pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Thomas v. Eby*, 481 F.3d 434, 437 (6th

3

Cir. 2007). Pro se litigants must nevertheless satisfy the basic pleading requirements that apply in all federal cases, and there are certain limits to the leniency granted to them. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The plaintiff must plead sufficient facts to show that each individual defendant committed a redressable legal wrong. *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Prisoners have an Eighth Amendment right to be free from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825 (1994). *See Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016). As a result, prison officials may not remain deliberately indifferent to the risk of harm a prisoner may face at the hands of another prisoner, and they have a duty to protect prisoners from such violence. *Farmer*, 511 U.S. at 833 (1994).

To sustain a claim for deliberate indifference to a substantial risk of serious harm, the plaintiff must satisfy an objective and subjective component. The objective component requires a showing "that absent reasonable precautions, an inmate is exposed to a substantial risk of serious harm." *Amick v. Ohio Dep't of Rehab. & Corr.*, 521 F. App'x 354, 361 (6th Cir. 2013). The subjective component requires a showing that (1) the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner, (2) the official did in fact draw the inference, and (3)

4

the official then disregarded that risk. *Richko*, 819 F.3d at 915 (citing *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014)).

Because government officials do not readily admit the subjective element, a plaintiff may establish the subjective prong through inference from circumstantial evidence, "and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). A court must examine the subjective component for each individual defendant. *Phillips v. Roane Cty.*, 534 F.3d 531, 542 (6th Cir. 2008).

I. Defendant Oosterhof

Plaintiff alleges that he twice went to Oosterhof about Rymes's threats. On the first occasion, Plaintiff informed Oosterhof about "a life threatening situation," but Oosterhof told him there were no rooms open for transfer. ECF 1, PgID 6. On the second occasion Plainitiff allegedly told Oosterhof about Rymes's specific threat to put "hands and feet" on Plaintiff, but Oosterhof dismissed him from his office referencing "frivolous bullshit." *Id.* at 7. These allegations, liberally construed, satisfy both the objective and subjective components of a failure-to-protect claim. The complaint is therefore not subject to summary dismissal with respect to Defendant Oosterhof.

II. Defendant Delosh

Plaintiff alleges that he and Rymes informed Defendant Delosh about the "hostile environment" soon after the Plaintiff was assigned to the new cell, and that Delosh informed them to speak with an ARUS because she was not in charge of cell assignments. These allegations fail to satisfy either prong of a failure to protect claim.

5

Plaintiff does not allege that he made Delosh aware of a specific threat—he went with Rymes to see Delosh before Rymes allegedly threatened to put "hands and feet" to Plaintiff. And Plaintiff did not allege that Delosh acted in disregard of any risk. According to Plaintiff, she referred Plaintiff and Rymes to an ARUS because she was not in charge of cell assignments. "Responding to a risk to an inmate by referring the matter for further investigation or taking other appropriate administrative action may in some cases fulfill an official's protective duties under the Eighth Amendment." *Bishop v. Hackel*, 636 F.3d 757, 769–70 (6th Cir. 2011). The complaint will therefore be summarily dismissed with respect to Defendant Delosh.

III. Defendant Froster

Plaintiff alleges that Defendant Froster heard the attack and came to the cell and stood outside while he waited for back-up. The allegation that Froster waited for backup indicates that he did not disregard the attack on Plaintiff but took action in calling for backup to stop the attack when he became aware of it. The complaint will therefore be summarily dismissed with respect to Defendant Froster.

IV. Defendant Doe

Plaintiff asserts that an unknown defendant acted in deliberate indifference to his safety when the initial cell assignment with Rymes was made. ECF1, PgID 12. The complaint fails to allege any facts indicating that the assignment itself exposed Plaintiff to a known substantial risk of serious harm. The complaint will therefore be summarily dismissed with respect to Defendant Doe.

V. Conclusion

Having conducted the review required by the PLRA, the Court determines that the complaint will be dismissed for failure to state a claim with respect to Defendants Delosh, Froster, and Doe. 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff's claims against Defendant Oosterhof remain.

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Leave to appeal in forma pauperis is therefore denied. 28 U.S.C. § 1915(a)(3).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the Complaint is **SUMMARILY DISMISSED** with respect to Defendants Delosh, Froster, and Doe.

**IT IS FURTHER ORDERED** that leave to appeal this order in forma pauperis is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Oosterhof shall **FILE** his answer or responsive pleading no later than **February 19, 2019**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 1, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 1, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager